UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | Civil Action No. 07-CV-8177 (KMK) |
| Plaintiff, | : : | ECF CASE |
| v. | : : | COMPLAINT AND |
| PUTNAM STONE & MASON SUPPLY, INC. | : : | JURY TRIAL DEMAND |
| Defendants. | : | |

-----------------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to compel Defendant to comply with a mediation Settlement Agreement, achieved through the Equal Employment Opportunity Commission (EEOC) mediation process, in resolution of a charge of sexual harassment, and to provide appropriate relief to Erika Stanczak (Stanczak), the Charging Party. As alleged with greater specificity below, Stanczak, Defendant, and EEOC entered into a mediation Settlement Agreement through EEOC's mediation program on May 3, 2007, in settlement of Charge No. 520-2007-01173, filed by Stanczak against Defendant. The EEOC alleges that Defendant breached the mediation Settlement Agreement when it failed and refused to abide by the terms of the agreement, as set forth with greater specificity below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Putnam Stone & Mason Supply, Inc. has continuously been a corporation under the laws of New York, doing business in New York, having its registered office in Carmel, New York in the county of Putnam, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Putnam Stone & Mason Supply, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b),(g), and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit Stanczak filed charges of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant voluntarily accepted EEOC's offer to mediate the charge allegations pursuant to EEOC's mediation program.

8. On May 3, 2007 mediation was held in EEOC's New York District Office. Stanczak and a representative of Defendant were present for the mediation and both Stanczak and Defendant were represented by their counsel.

9.  As a result of the mediation, EEOC, Defendant and Stanczak entered into a mediation Settlement Agreement dated May 3, 2007. A copy of the mediation Settlement Agreement is attached to this complaint as Exhibit 1.

10. The terms of the mediation Settlement Agreement required Defendant to pay the sum of $45,000.00, payable in monthly installments with $15,000 to be paid on May 15, 2007 and $7,500 to be paid on the 15th of each month thereafter until September 15, 2007.

11. Defendant has failed to make any payment to Stanczak.

12. Defendant's failure to make payment to Stanczak constitutes a breach of the mediation Settlement Agreement.

13. The effect of the practices complained of above has been to deprive Stanczak of equal employment opportunities and deprive her of the specific relief to which she is entitled, in violation of the mediation Settlement Agreement reached pursuant to EEOC's mediation process.

14. The unlawful employment practices complained of above were willful.

15. The unlawful practices complained of above were and are intentional.

16. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Stanczak.

### PRAYER FOR RELIEF

Therefore, the Commission respectfully requests that this Court:

A.  Grant judgment against Defendant compelling specific performance by Defendant with the mediation Settlement Agreement entered into by EEOC, Stanczak and Defendant on May 3, 2007;

B.  Grant judgment against Defendant ordering Defendant to make Stanczak whole by providing compensation for past and future pecuniary losses resulting from the breach of the

mediation Settlement Agreement entered into by EEOC, Stanczak and Defendant on May 3, 2007;

    C.    Grant a judgment ordering Defendant to pay Stanczak the amount of damages Defendant negotiated and agreed to pay ($45,000), plus prejudgment interest and legal costs associated with the collection of the amount due and owing;

    D.    Grant a judgment ordering Defendant to pay punitive damages to Stanczak for its malicious and/or reckless conduct;

    E.    Grant a judgment ordering such further relief as the Court deems necessary and proper in the public interest;

    F.    Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 19, 2007
       New York, New York

                              Respectfully submitted,

                              Ronald Cooper
                              General Counsel

                              James L. Lee
                              Deputy General Counsel

                              Gwendolyn Young Reams
                              Associate General Counsel

                              EQUAL EMPLOYMENT OPPORTUNITY
                              COMMISSION
                              1801 L Street, N.W.
                              Washington, D.C. 20507

                              _____/s/_____
                              Elizabeth Grossman
                              Regional Attorney

                _____/s/_____
                Judy A. Keenan (JK-3083)
                Supervisory Trial Attorney
                judy.keenan@eeoc.gov

                _____/s/_____
                Monique J. Roberts (MR-6338)
                Trial Attorney
                New York District Office
                33 Whitehall St., 5th floor
                New York, N.Y.  10004-2112
                Telephone:  (212) 336-3704
                Facsimile: (212) 336-3623
                monique.roberts@eeoc.gov