UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY :     Civil Action No. 07-CV-8177
COMMISSION, :     (KMK) (GAY)
                              :
                Plaintiff, :     ECF CASE
          v. :
                              :     AMENDED COMPLAINT
PUTNAM STONE & MASON SUPPLY, INC. :     JURY TRIAL DEMAND
                              :
             Defendants. :

-------------------------------------------------------------x

SEP 26 2007

U.S.D.C. S.D.N.Y.
CASHIERS

## NATURE OF THE ACTION

      This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to compel Defendant to comply with a mediation Settlement Agreement,

achieved through the Equal Employment Opportunity Commission (EEOC) mediation process,

in resolution of a charge of sexual harassment, and to provide appropriate relief to Erika

Stanczak (Stanczak), the Charging Party. As alleged with greater specificity below, Stanczak,

Defendant, and EEOC entered into a mediation Settlement Agreement through EEOC's

mediation program on May 3, 2007, in settlement of Charge No. 520-2007-01173, filed by

Stanczak against Defendant. The EEOC alleges that Defendant breached the mediation

Settlement Agreement when it failed and refused to abide by the terms of the agreement, as set

forth with greater specificity below.

## JURISDICTION AND VENUE

      1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) ("Title

VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Southern District of New York.

### PARTIES

3.      Plaintiff EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Putnam Stone & Mason Supply, Inc. has continuously been a corporation under the laws of New York, doing business in New York, having its registered office in Carmel, New York in the county of Putnam, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Putnam Stone & Mason Supply, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

### STATEMENT OF CLAIMS

6.      More than 30 days prior to the institution of this lawsuit Stanczak filed charges of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Defendant voluntarily accepted EEOC's offer to mediate the charge allegations pursuant to EEOC's mediation program.

8.      On May 3, 2007 mediation was held in EEOC's New York District Office. Stanczak and a representative of Defendant were present for the mediation and both Stanczak and Defendant were represented by their counsel.

2

9.      As a result of the mediation, EEOC, Defendant and Stanczak entered into a mediation Settlement Agreement dated May 3, 2007.  A copy of the mediation Settlement Agreement is attached to this complaint as Exhibit 1.

10.     The terms of the mediation Settlement Agreement required Defendant to pay the sum of $45,000.00, payable in monthly installments with $15,000 to be paid on May 15, 2007 and $7,500 to be paid on the 15th of each month thereafter until September 15, 2007.

11.     Defendant has failed to make any payment to Stanczak.

12.     Defendant's failure to make payment to Stanczak constitutes a breach of the mediation Settlement Agreement.

13.     The effect of the practices complained of above has been to deprive Stanczak of equal employment opportunities and deprive her of the specific relief to which she is entitled, in violation of the mediation Settlement Agreement reached pursuant to EEOC's mediation process.

14.     The unlawful employment practices complained of above were willful.

15.     The unlawful practices complained of above were and are intentional.

16.     The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Stanczak.

**PRAYER FOR RELIEF**

Therefore, the Commission respectfully requests that this Court:

A.      Grant judgment against Defendant compelling specific performance by Defendant with the mediation Settlement Agreement entered into by EEOC, Stanczak and Defendant on May 3, 2007;

B.      Grant judgment against Defendant ordering Defendant to make Stanczak whole by providing compensation for past and future pecuniary losses resulting from the breach of the

3

mediation Settlement Agreement entered into by EEOC, Stanczak and Defendant on May 3, 2007;

    C.      Grant a judgment ordering Defendant to pay Stanczak the amount of damages Defendant negotiated and agreed to pay ($45,000), plus prejudgment interest and legal costs associated with the collection of the amount due and owing;

    D.      Grant a judgment ordering Defendant to pay punitive damages to Stanczak for its malicious and/or reckless conduct;

    E.      Grant a judgment ordering such further relief as the Court deems necessary and proper in the public interest;

    F.      Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 26, 2007
New York, New York

                        Respectfully submitted,

                        Ronald Cooper
                        General Counsel

                        James L. Lee
                        Deputy General Counsel

                        Gwendolyn Young Reams
                        Associate General Counsel

                        EQUAL EMPLOYMENT OPPORTUNITY
                        COMMISSION
                        1801 L Street, N.W.
                        Washington, D.C., 20507

                        Elizabeth Grossman (EG-2478)
                        Regional Attorney
                        elizabeth.grossman@eeoc.gov

Judy A. Keenan (JK-3083)
Supervisory Trial Attorney
judy.keenan@eeoc.gov

Monique J. Roberts (MR-6338)
Trial Attorney
New York District Office
33 Whitehall St., 5th floor
New York, N.Y. 10004-2112
Telephone: (212) 336-3704
Facsimile: (212) 336-3623
monique.roberts@eeoc.gov

# **<u>EXHIBIT 1</u>**



### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3620
TTY (212) 336-3622
General FAX (212) 336-3625

## SETTLEMENT AGREEMENT

**CHARGE NUMBER:**            520-2007-01173

**CHARGING PARTY:** Erika Stanczak

**RESPONDING PARTY:** Putnam Stone & Mason Supply

1.      In exchange for satisfactory fulfillment by Putnam Stone & Mason (hereinafter "Respondent") of the promises in this Agreement, Erika Stanczak (hereinafter "Charging Party") agrees not to institute a lawsuit under Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII"), based on EEOC Charge Number 520-2007-01173.

2.      Further, the Parties hereto agree that submission of this Agreement to the EEOC will constitute a request for closure of EEOC Charge Number 520-2007-01173.

3.      It is understood that this Agreement does not constitute an admission by the Respondent of any violation of the Title VII.

4.      Respondent agrees that there shall be no discrimination or retaliation in violation of the Title VII, against any person because of Charge Number 520-2007-01173 or actions relating to that charge or this Settlement.

5.      The parties agree that the EEOC is authorized to investigate compliance with this Agreement, and to bring a legal action to enforce the Settlement.

6.      The Parties agree that this Agreement shall be kept confidential except that it may be specifically enforced in court and may be used as evidence in a subsequent proceeding in which any of the Parties allege a breach of this Agreement.

7.      The Parties agree that this document constitutes a final and complete statement of the entire agreement between the parties.

8.      In exchange for satisfactory fulfillment by the Charging Party of the promises made in this Agreement, Respondent and Charging Party have agreed to the following:

The parties will exchange general releases within seven days or by 3/15/07. The release by the Charging Party will be held in escrow until such time as Respondent's obligations are completed. Respondent shall pay $45,000.00 as follows, $15,000.00 by 5/15/07 to Jacobowitz & Gubits as attorneys for charging party without withholding. Respondent shall thereafter pay $7,500.00 on or before June 15, 2007, and the 15th of each month thereafter until satisfied 9/15/07. Respondent shall Give. Charging Party's attorneys confession of judgement to be held in escrow and returned upon satisfaction of Respondent obligations. Both parties agree to mutual non-disparagement. In the event either party and or Terrence McQuaide & Deborah Dринг breaches their obligations pursuant to this agreement no payment shall be subject to "that" withholding taxes.

In reliance on the promises made in paragraphs (1), (2), (4) (5), (6), (7), and (8), the EEOC agrees to terminate its investigation and not to use the above-referenced charge as a jurisdictional basis for a civil action under the Title VII. The EEOC does not waive or in any manner limit its right to investigate or seek relief in any other charge including, but not limited to, a charge filed by a member of the Commission against the Respondent.

## Agreed to this on the 3rd day of May, 2007

_____
**Charging Party**

_____
**Respondent**

_____
**Charging Party's Representative**

_____
**Respondent's Representative**

_____
**Michael Bertty**
**ADR Program Coordinator**

_____
**Spencer H. Lewis, Jr.**
**District Director**

2